THE NATIONAL STATE BANK OF NEWARK, EXECUTOR OF THE LAST WILL AND TESTAMENT OF CALVIN H. NEALLEY, DECEASED, APPELLANT, v. WILLIAM KINGSLEY, ACTING DIRECTOR, DIVISION OF TAXATION, DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, RESPONDENT.

IN THE MATTER OF THE TRANSFER INHERITANCE TAX ASSESSMENT IN THE ESTATE OF CALVIN H. NEALLEY, DECEASED.

Argued December 4, 1962—Decided December 17, 1962.

*Mr. Ralph E. Lum, Jr.* argued the cause for appellant (*Mr. Howard G. Wachenfeld,* on the brief; *Messrs. Lum, Biunno & Tompkins,* attorneys).

*Mr. Joseph A. Jansen,* Deputy Attorney General, argued the cause for respondent (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered

PER CURIAM. In the testator's will he made substantial bequests to the University of Maine, Orono, Maine, in trust, the principal to be held and invested as a permanent endowment fund, and the net income to be used for scholarships for certain described needy men students of the University. The New Jersey Transfer Inheritance Tax Bureau taxed the bequests. The executor appealed to the Appellate Division claiming exemption from taxation under *N. J. S. A.* 54:34–4(d). We granted certification before argument of the cause there.

The bequests should not have been taxed. They are exempt under *N. J. S. A.* 54:34–4(d) which provides in part:

"The following transfers of property shall be exempt from taxation:

*        *        *        *        *        *        *        *

d. That part of the estate of any decedent which passes to or for the use of any educational institution   *   *   *   no part of the

net earnings of which inures to the benefit of any private stockholder or other individual or corporation; provided, that this exemption shall not extend to transfers of property to such educational institutions of other States, territories and foreign countries which do not grant an equal and like exemption of transfers of property for the benefit of such institutions of this State."

The record shows that the reciprocity provision set forth in the statute has been met.

The right to exemption in such cases as this was fully and clearly adjudged in *Deubel v. Kervick*, 33 *N. J.* 568 (1960). That opinion is dispositive here and no elaboration is necessary.

The Bureau argues further that the statute exempts only "privately endowed" educational institutions, and that the University of Maine does not qualify because it is a "public corporation," or an "instrumentality and agency" of the State of Maine. Assuming, without deciding, that the institution is a state university, we find no basis in the legislative language for the limitation suggested.

The assessment is reversed and the matter is remanded for disposition in accordance with this opinion.

*For reversal* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.